UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――――――――――X

SCOTT BONARRIGO,

         Plaintiff,                    Civil Action No. 11-11972 (GAO)

v.

CENTRAL BANK, JOHN DOES, and
X, Y, Z CORPORATIONS,

         Defendant.

―――――――――――――――――――――――――――X
―――――――――――――――――――――――――――X

CENTRAL CO-OPERATIVE BANK,

         Counterclaimant,

v.

SCOTT BONARRIGO,

         Counter Defendant.

―――――――――――――――――――――――――――X

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

     Pursuant to Fed. R. Civ. P. 55(b)(2), the Notice of Default dated January 4, 2012 (*see* Docket No. 9), and the Standing Order Regarding Motions for Default Judgment (*see* Docket No. 10), Defendant and Counterclaimant Central Co-Operative Bank ("Defendant") respectfully submits this Memorandum of Law in Support of its Motion for Entry of a Default Judgment (the "Motion"). The Motion requests that the Court (i) enter a default judgment against Plaintiff and Counter Defendant Scott Bonarrigo ("Plaintiff") on Defendant's counterclaim (the "Counterclaim"), (ii) dismiss of the remainder of this action with prejudice, and (iii) grant such other relief as is necessary and proper.

**INTRODUCTION**

Despite being informed by Defendant's counsel that Defendant had an absolute statutory defense to Plaintiff's claims, Plaintiff commenced this action to recover alleged damages based on the purported failure of Defendant to post a notice required by 15 U.S.C. § 1693, *et seq.*, on an ATM machine operated by Defendant. Defendant answered Plaintiff's Complaint and interposed a counterclaim (the "Counterclaim") on the grounds Plaintiff's claims were made in bad faith and/or intended for purposes of harassment as provided in 15 U.S.C. § 1693m(f). Plaintiff never responded to the Counterclaim or a letter requesting withdrawal of his claims, and on January 4, 2012 the Clerk of the Court entered a notice of default against Plaintiff.

**BACKGROUND**

Prior to the filing of this action, on July 14, 2011, Plaintiff's counsel sent a demand letter (the "Demand Letter") to Defendant stating that (i) on June 5, 2011 Plaintiff utilized one of Defendant's automated teller machines located at 94 Highland Avenue, Somerville Massachusetts (the "94 Highland Avenue ATM"), (ii) the 94 Highland Avenue ATM did not have a notice required by 15 U.S.C. § 1693, *et seq.* posted in a conspicuous location, and (iii) such conduct violated 15 U.S.C. § 1693, *et seq.* A true and accurate copy of the Demand Letter is attached to the accompanying affidavit of Joseph J. Koltun dated January 27, 2012 (the "Koltun Aff.") as Exhibit A. The Demand Letter further made demand that Defendant compensate Plaintiff in the amount of $2,960, an amount comprised of $1,000 statutory damages (the maximum amount permitted pursuant to 15 U.S.C. § 1693m(a)(2)(A)) and $1,750 in attorney fees at a rate of $350 per hour. Koltun Aff., ¶ 2, Ex. A, p. 3.

On August 3, 2011, Defendant's counsel informed Plaintiff's counsel that (i) Defendant posted the notice required by 15 U.S.C. § 1693b(d)(3)(B)(i) on the 94 Highland Avenue ATM,

(ii) someone other than Defendant removed the required notice thereafter, and (iii) pursuant to 15 U.S.C. 1693h(d) Defendant therefore had no liability to Plaintiff.  A copy of the August 3, 2011 letter sent to Plaintiff's counsel is attached to the Koltun Aff. as Exhibit B.  In the same letter, Defendant's counsel provided Plaintiff's counsel with a photograph demonstrating that a residue existed on the 94 Highland Avenue ATM, and stated the residue clearly showed that the required notice had previously been placed on the 94 Highland Avenue ATM.  *Id.*; *see also* the Affidavit of Bryan Greenbaum dated January 18, 2012 (the "Greenbaum Aff."), ¶¶ 3, 4 (Docket No. 15). Plaintiff's counsel did not respond to the letter.

On November 7, 2011, Plaintiff filed his Complaint against Defendant, and on November 8, 2011, the Court issued a summons as to Defendant.  Docket Nos. 1 and 2.  The Complaint alleges that: (i) on June 5, 2011, Plaintiff utilized an automated teller machine located at 399 Highland Avenue, Somerville, Massachusetts (the "399 Highland Avenue ATM") (Complaint, ¶¶ 10, 12), (ii) the 399 Highland Avenue ATM did not have the required fee notice posted in a prominent and conspicuous place (Complaint, ¶ 13), and as a result (iii) Defendant violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. (Complaint, ¶ 14).

On November 30, 2011, Defendant filed its Answer and Counterclaim.  Docket No. 5. Defendant served its Answer and Counterclaim on Plaintiff *via* the Court's ECF system, as is set forth on the Notice of Electronic Filing (the "NEF") attached to the Koltun Aff. as Exhibit C.[1] On December 1, 2011, Defendant again sent proof that the required notice had been placed on the 94 Highland Avenue ATM and requested in writing that Plaintiff dismiss the claims.  A copy of the December 1, 2011 letter sent to Plaintiff's counsel (the "Rule 11 Letter") is attached to the

---

[1] The NEF reflects that the Answer and Counterclaim were sent to the following email addresses: (i) wesoutlaw@aol.com, (ii) mthomas@topbostonlawyer.com, and (iii) scottb@consumerlawfirmcenter.com.

Koltun Aff., Exhibit D. The Rule 11 Letter also informed Plaintiff's counsel that if Plaintiff's claims were not dismissed voluntarily, Defendant would seek appropriate sanctions. *Id*.

The Rule 11 Letter explained numerous deficiencies in the Complaint. First, Plaintiff's assertions that he entered into a transaction at the 399 Highland Avenue ATM were false, as video surveillance demonstrated that no such transaction took place, and the 399 Highland Avenue ATM clearly had the fee notice required by 15 U.S.C. § 1693, *et seq*., as is evident from a review of the photographs attached as Exhibit A to Defendant's Answer and Counterclaim. *Id*. Second, to the extent that Plaintiff intended to refer to the transaction undertaken at the 94 Highland Avenue ATM, Defendant again informed Plaintiff that Defendant placed the required fee notice on the 94 Highland Avenue ATM, at no time did Defendant remove the fee notice from the 94 Highland Avenue ATM, and that unless Plaintiff had some evidence that Defendant removed the fee notice from the 94 Highland Avenue ATM, Defendant had an absolute defense to Plaintiff's claims pursuant to 15 U.S.C. § 1693h(d). *Id*. Lastly, the Rule 11 Letter again provided a <u>photograph</u> demonstrating that the location where the original fee notice was placed by Defendant on the 94 Highland Avenue ATM contained a residue from the permanent adhesive that affixed the fee notice to the machine. *Id*. Contrary to other pleadings Plaintiff's counsel's office has filed on behalf of Plaintiff, wherein Plaintiff alleged that the absence of such a residue demonstrated that the subject automated teller machine operator never placed a fee notice on its machine, in this case such a residue existed at the time of the transaction at the 94 Highland Avenue ATM.[2] *Id*. Defendant received no response to the December 1, 2011 letter. Koltun Aff., ¶ 6.

---

[2] Plaintiff's counsel has filed at least three other actions on behalf of Plaintiff in which Plaintiff has alleged violations of 15 U.S.C. § 1693, *et seq*. ("Plaintiff's Other § 1693 Cases"). Plaintiff's Other § 1693 Cases each contain an allegation that there was no visible sign of adhesive residue that would have alerted Plaintiff a fee notice sticker had been placed on the ATM in question. In this case, Plaintiff made no such allegation regarding the absence of an adhesive residue, as such a residue was plainly visible on

Having received no response to either the Counterclaim or the Rule 11 Letter, on January 3, 2012, Defendant requested entry of a default against Plaintiff. Docket No. 8. On January 4, 2012, the Court entered a notice of default against Plaintiff. Docket No. 9. On January 9 and 11, 2012, Defendant's counsel contacted Plaintiff's counsel to see whether (i) Plaintiff had a meritorious defense to the Counterclaim in light of the letters and photographs previously sent to Plaintiff's counsel and (ii) Plaintiff would stipulate to dismiss his claims. *Id.*, ¶ 9. The following week Plaintiff moved to set aside the default on January 16, 2012 (Docket No. 11), and on January 18, 2012 Defendant has opposed the Motion to set aside the default (Docket Nos. 13, 14, and 15).

On information and belief, Plaintiff is not an infant, incompetent, or in the military service, and is represented by counsel herein. Koltun Aff., ¶¶ 9, 10, Ex. E. In order to defend this action, Defendant has expended $6,731.92 in attorneys' fees as of the filing of these pleadings. *Id.*, ¶ 11. A true and accurate cop of a redacted draft invoice to Defendant and final invoices to Defenadnt (the "Invoices") are attached to the Koltun Aff. as Exhibit F. The work reflected on the Invoices was necessary to properly defend Defendant and reflects attorney's fees reasonable in relation to the work expended and costs. *Id.* Defendant notes that the majority of the work performed on behalf of Defendant was done at rates far lower than those claimed by Plaintiff in the Demand Letter. *See* Koltun Aff., Exs. A and F.

**ARGUMENT**

Pursuant to 15 U.S.C. §1693, *et seq.*, operators of automated teller machines are required to post notices of fees that may be charged to consumers in a conspicuous place on or near the automated teller machine. However, 15 U.S.C. §1693h(d) affords an absolute defense to

---

the 94 Highland Avenue ATM. Defendant previously sent a picture of the adhesive residue to Plaintiff's counsel. Koltun Aff., Exs. B and D. *See also* Counterclaim, ¶¶ 11, 12.

operators of automated teller machines in circumstances where someone other than the operator removes the required notice after it has been placed on an automated teller machine:

> If the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

15 U.S.C. §1693h(d).  Further, 15 U.S.C. §1693m(f) provides that in situations where there is an unsuccessful action brought in bad faith or for purposes of harassment, the court shall award attorney's fees to the defendant.  15 U.S.C. §1693m(f).

In this case, Defendant placed the required notice on both the 399 Highland Avenue ATM and the 94 Highland Avenue ATM by utilizing permanent adhesive.  *See* Docket No. 5, Counterclaim, p. 6, ¶¶ 3, 5 and Ex. A thereto.  As set forth in Defendant's response to the Demand Letter, in its Counterclaim, and in the Affidavit of Bryan Greenbaum dated January 18, 2012 (the "Greenbaum Aff.") (*see* Docket No. 15), someone other than Defendant removed the required notice from the 94 Highland Avenue ATM and no employee or agent of Defendant removed the required notice from the 94 Highland Avenue ATM.  Koltun Aff., Ex. B; Answer and Counterclaim, p. 6, ¶ 6; Greenbaum Aff., ¶ 4.

Notwithstanding being informed that (i) the required notice had been placed on Defendant's automated teller machines and (ii) someone other than Defendant removed the notice from the 94 Highland Avenue ATM, Plaintiff commenced and continued this action. Further, although Plaintiff has alleged in other cases that the absence of a residue on an automated teller machine established that no notice had been placed on a given machine, Plaintiff failed to make any such allegation in this action, because such a residue existed on the 94 Highland Avenue ATM.  Plaintiff had no good faith basis to assert that Defendant failed to

6

place the required notice on its automated teller machines, or that Defendant (as opposed to someone else) removed the required notice from the 94 Highland Avenue ATM.  Further, Plaintiff failed to respond to the Rule 11 Letter, and failed to defend against the Counterclaim.

Moreover, as a default has been entered against Plaintiff on the Counterclaim, the factual allegations set forth in the Counterclaim are taken as true and the claim against Plaintiff must be considered established as a matter of law.  *See Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." (internal quotations and citations omitted); *Brockton Sav. Bank v. Peat, Markwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) ("there is no question that, default having been entered each of [plaintiff's] allegations of fact must be taken as true and each of its seven claims established as a matter of law.").

Here, by failing to answer the allegations set forth in the Counterclaim, Plaintiff has conceded the truth of Defendant's allegations, and Defendant's Counterclaim is established as a matter of law.

## CONCLUSION

WHEREFORE, Defendant and Counterclaimant Central Co-Operative Bank respectfully requests that the Court (i) enter a default judgment against Plaintiff and Counter Defendant Scott Bonarrigo in the amount of $6,731.92 as set forth in the form attached to the Motion for Default Judgment as Exhibit 1, (ii) dismiss the remainder of this action with prejudice, and (iii) grant such other relief as is necessary and proper.

January 27, 2012                                  CENTRAL CO-OPERATIVE BANK,

                                                       By its attorneys,

                                                       /s/ Joseph J. Koltun
                                                       Stephen Wald (BBO #512350)
                                                       Joseph J. Koltun (BBO #641117)
                                                       CRAIG AND MACAULEY
                                                         PROFESSIONAL CORPORATION
                                                       Federal Reserve Plaza
                                                       600 Atlantic Avenue
                                                       Boston, MA 02210
                                                       (617) 367-9500
                                                       wald@craigmacauley.com
                                                       jkoltun@craigmacauley.com


**CERTIFICATE OF SERVICE**

     I, Joseph J. Koltun, do hereby certify that a true and accurate copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by First Class mail, postage prepaid on January 27, 2012.


                                                       /s/ Joseph J. Koltun
                                                       Joseph J. Koltun (BBO# 641117)